NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JUSTICE I. ALLAH,                        :
                                                    Civil Action No. 11-7151 (CCC)
                    Petitioner,          :

            v.                           :      **OPINION**

BRIAN RIORDAN,                           :
Jail Administrator,
et al.,                                  :

            Respondents.        :


**APPEARANCES:**

Petitioner pro se
Justice I. Allah
Union County Jail
15 Elizabethtown Plaza
Elizabeth, NJ 07202


**CECCHI**, District Judge

        Petitioner Justice I. Allah, a prisoner confined at Union

County Jail in Elizabeth, New Jersey at the time he filed this

Petition, has submitted a Petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.[1]  Petitioner seeks to challenge his

_____

        [1] Section 2241 provides in relevant part:

        (a) Writs of habeas corpus may be granted by the
        Supreme Court, any justice thereof, the district courts
        and any circuit judge within their respective
        jurisdictions.
        (c) The writ of habeas corpus shall not extend to a
        prisoner unless-- ... (3) He is in custody in violation
        of the Constitution or laws or treaties of the United
        States ... .

extradition to face charges pending in Alabama.   The respondents
are Administrator Brian Riordan, Assistant Prosecutor Ann Luvera,
the State of New Jersey, and the State of Alabama.

I.   BACKGROUND

Petitioner asserts that the State of Alabama issued a
warrant for his arrest on June 22, 2009.  He alleges that he was
held on the Alabama warrant, in Essex County Jail, from October
23, 2010, through November 23, 2010, when he was released after
being told that the State of Alabama would not seek extradition.

Petitioner alleges that he was rearrested on the Alabama
warrant on April 13, 2011, and was then held at the Union County
Jail.  Petitioner challenged the extradition in the state courts
of New Jersey and contemporaneously filed this Petition for writ
of habeas corpus.  Petitioner seeks here to challenge the Alabama
warrant of extradition on various grounds, including alleged
prejudice based on the delay in extradition and various alleged
procedural defects.

Petitioner has recently notified the Court that he was
extradited to Alabama on January 16, 2012.  He has asked this
Court to transfer this Petition to Alabama or to hear it here, if
appropriate.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in
relevant part as follows:

> A court, justice or judge entertaining an
> application for a writ of habeas corpus shall forthwith
> award the writ or issue an order directing the
> respondent to show cause why the writ should not be
> granted, unless it appears from the application that
> the applicant or person detained is not entitled
> thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

III.   ANALYSIS

The duty of a state to extradite an individual to another state is rooted in the Extradition Clause of the Constitution of the United States, which provides:

> A Person charged in any State with Treason, Felony, or
> other Crime, who shall flee from Justice, and be found
> in another State, shall on Demand of the executive
> Authority of the State from which he fled, be delivered

3

up, to be removed to the State having Jurisdiction of the Crime.

U.S. Constitution, Art. IV, § 2, cl. 2.

Congress implemented this non-self-executing constitutional duty with the enactment of the Extradition Act.

> Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District, or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District, or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear.  If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

18 U.S.C. § 3182.  See also Uniform Criminal Extradition Law, N.J.S.A. § 2A:160-9, et seq.

Interstate extradition is intended to be "a summary and mandatory executive proceeding." Michigan v. Doran, 439 U.S. 282, 288 (1978).  The purposes of the Extradition Clause are "to enable each state to bring offenders to trial as swiftly as possible in the state where the alleged offense was committed," and "to preclude any state from becoming a sanctuary for fugitives from justice of another state."  Id. at 287.

4

It is well established that individuals have a federal right to challenge their extradition by petition for writ of habeas corpus. See, e.g., Roberts v. Reilly, 116 U.S. 80 (1850). The scope of such habeas review, however, is narrow.

> Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b ) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable.

Doran, 439 U.S. at 289.

Moreover, "[o]nce the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." Barton v. Norrod, 106 F.3d 1289, 1298 (6th Cir. 1997).

Here, Petitioner has been returned to Alabama, the demanding state. Accordingly, this Petition for writ of habeas corpus, challenging his detention in New Jersey, has become moot and will be dismissed.

IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed as moot. An appropriate order follows.

Claire C. Cecchi
United States District Judge

Dated: February 17, 2012